**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**MIDLAND/ODESSA DIVISION**

| | |
|---|---|
| JOSHUA RITCHIE,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EQUIFAX INFORMATION SERVICES,<br>LLC; and COMPLEX COMMUNITY<br>FEDERAL CREDIT UNION,<br><br>　　　　　　Defendants. | **Case No.:**  7:26-cv-00119-DC-RCG |

### JOINT FEDERAL RULE OF CIVIL PROCEDURE 26 REPORT

**1. What are the causes of action, defenses, and counterclaims in this case? What are the elements of the cause(s) of action, defenses, and counterclaims pled?**

Plaintiff Joshua Ritchie ("Plaintiff") through counsel, alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq*., against Defendants. Plaintiff brings a claim against Defendant Equifax for negligent and /or willful violations of 15 U.S.C. § 1681e(b) by failing to use and/or maintain and follow reasonable procedures to assure maximum possible accuracy of consumer information. Plaintiff further brings a claim against Equifax for violations of 15 U.S.C. § 1681i by failing to perform a reasonable investigation of Plaintiff's dispute. Finally, Plaintiff brings a claim against Defendant Complex Community Federal Credit Union for violating 15 U.S.C. § 1681s-2(b) by failing to perform a reasonable investigation after being notified of Plaintiff's dispute.

Defendant Equifax:　Defendant Equifax Information Services LLC ("Equifax") is a consumer reporting agency as that term is defined under the FCRA. Equifax denies Plaintiff's claims and denies that it violated the FCRA. Equifax disputes that it failed to comply with §§ 1681e(b) and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Equifax specifically states that it maintained reasonable procedures to assure maximum possible accuracy in its credit reports concerning Plaintiff. Additionally, Equifax denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Equifax makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

Defendant Complex Community Federal Credit Union:　Defendant Complex Community Federal Credit Union is a credit union. Complex Community Federal Credit Union denies Plaintiff's claims and denies that it violated the FCRA. Complex Community Federal Credit Union

1

disputes that it failed to comply with §§ 1681e and/or 1681i, or any other portion of the FCRA, and denies that it is liable to Plaintiff. Complex Community Federal Credit Union specifically states that it maintained reasonable procedures concerning Plaintiff. Additionally, Complex Community Federal Credit Union denies that Plaintiff is entitled to any of the relief sought in the Complaint, and specifically denies that Plaintiff can support a claim for punitive damages in this action. Complex Community Federal Credit Union makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed. Complex Community Federal Credit Union would state that the complaint fails to state a claim upon which relief can be granted. Complex Community Federal Credit Union complied with all duties under the FCRA, including 15 U.S.C. §1681i, by conducting a reasonable investigation of the disputed items in a timely manner with a good faith effort to resolve the dispute and corrected any inaccurate information if found, all in compliance with the FCRA accuracy and integrity standards. Complex Community Federal Credit Union asserts that the information reported was accurate and complete at the time of reporting. Plaintiff failed to provide sufficient information to identify the alleged inaccuracy, relieving Complex Community Federal Credit Union of the duty to reinvestigate. Complex Community Federal Credit Union is not liable for statutory damages under 15 U.S.C. §1681n, as any alleged violation was not willful. Plaintiff's allegations are barred by Plaintiff's failure to mitigate its damages, including, but not limited to attorneys' fees. Plaintiff did not exhibit reasonable care to minimize the damages through reasonable efforts. Complex Community Federal Credit Union complied, or substantially complied, with the law. Complex Community Federal Credit Union had no control and for whose acts Complex Community Federal Credit Union may not be liable have caused or contributed to the alleged damages of Plaintiff, if any. In the event any fault of Complex Community Federal Credit Union is found to have caused or contributed to cause any damages to Plaintiff, which is denied, any recovery against Complex Community Federal Credit Union must be reduced and limited by the comparative fault of such other persons or entities. Complex Community Federal Credit Union's liability is several and limited to its own actionable segments of fault, if any. The alleged breach, conduct, acts, omissions, activities, carelessness, recklessness, negligence, and/or intentional misconduct would relate to third parties, and not that of Complex Community Federal Credit Union. Complex Community Federal Credit Union makes this statement without waiving any defenses and reserves the right to supplement this statement as the facts are developed.

**2. Are there any outstanding jurisdictional issues? For removed cases based on diversity jurisdiction:**

There are no jurisdictional issues. Plaintiff filed this action in federal court pursuant to federal question jurisdiction asserting claims under federal statutes.

**a. Do the parties agree that the amount in controversy exceeded $75,000 at the time of removal? If not, each party should state its position on the amount in controversy.**

N/A

2

**b. If any party is a partnership or limited liability company, have the parties confirmed the citizenship of all partners/members in determining whether diversity exists.**

N/A

**3. Are there any unserved parties? If more than 90 days have passed since the filing of the Complaint or petition, should these unserved parties be dismissed?**

None.

**4. Are there any agreements or stipulations that can be made about any facts in this case or any element in the cause(s) of action?**

As discovery has not yet begun, there are no agreements or stipulations about the facts or elements that can be made at this time.

**5. Are there any legal issues in this case that can be narrowed by agreement or by motion?**

None at this time.

**6. Are there any issues about preservation of discoverable information?**

Discovery may encompass electronically stored information ("ESI"). The parties acknowledge their obligation to take reasonable and proportionate steps for preserving relevant and discoverable ESI within their possession, custody, or control. Each party shall conduct diligent searches of all reasonably accessible sources which it has reason to believe may contain ESI responsive to the opposing party's discovery requests. The parties acknowledge, further, that requests for ESI, and responses to those requests, must be reasonably targeted, clear, and as specific as practicable. The parties have discussed the production of ESI and have not agreed on a specific limit of the scope of production. Should any dispute concerning ESI arise during the pendency of this matter, the parties have agreed to meet and confer before seeking intervention from the Court.

The parties will produce ESI in unitized, fixed image format (e.g., .pdf or .tif) with accompanying text. Plaintiff wishes to reserve the right to redact from his ESI individually identifiable medical or health related information, the production of which may be governed or limited by federal or state statute.

**7. Are there any issues about disclosure or discovery of electronically stored information? In what forms should electronically-stored information be produced and will production include metadata?**

The parties do not anticipate any issue regarding electronically stored information. Plaintiff and Defendants shall serve any Requests for Production pursuant to Fed. R. Civ. P. 34. Plaintiff and Defendants shall respond in good faith, producing such hard copy and electronic documents as it locates through a reasonable search. If after a reasonable review of the production, Plaintiff or any Defendants determine, in good faith, that additional information is needed, the parties will discuss the specific information sought and attempt to reach agreement on a search method to determine if the information sought can be located or confirmed not to exist. If the parties cannot reach an agreement, Plaintiff or any Defendants may raise the issue with the Court through a request for discovery conference, a motion to compel, or a motion for protective order.

3

The parties agree that if a receiving party believes that privileged or protected material may have been inadvertently disclosed or produced, said party will advise the producing party and proceed as required if such party asserts inadvertent disclosure. The parties agree that the recall, sequester, or return of any privileged or protected material is without waiver of the right to contest the claim of privilege or protection. The parties agree the mere fact of an inadvertent disclosure is not sufficient to waive any claim of privilege or protection. Before any party makes a motion to compel or challenges the claim of privilege, protection, or inadvertence of production or disclosure, the parties shall meet and confer regarding the challenge and attempt to find a way to resolve the dispute. The parties intend for their agreement to be considered an order pursuant to Federal Rule of Evidence 502(d). The parties agree that the standard Federal Rule of Evidence 502(b) applies to resolve any dispute about the inadvertence of a production or disclosure.

**8. What are the subjects on which discovery may be needed?**

Plaintiff: Plaintiff anticipates conducting discovery on the following subjects:

1. The circumstances surrounding Equifax's collection, verification, furnishing and/or reporting of the credit information at issue in this case;

2. Equifax's policies and procedures utilized to assure maximum possible accuracy in compliance with 15 U.S.C. § 1681e(b), as applicable;

3. Defendants' policies and procedures regarding receiving a dispute from a consumer, providing notice of the consumer's dispute to the furnisher of the disputed information, and the processes by which Defendants are meant to conduct a reasonable investigation of the information disputed by a consumer, as applicable;

4. The actual actions taken by Defendants in response to their receipt of Plaintiff's dispute(s);

5. Equifax's policies and procedures regarding the prevention of the reappearance of inaccurate information, in compliance with 15 U.S.C. § 1681i;

6. Equifax's maintenance, preparation, and publication of Plaintiff's consumer reports and credit file; and

7. Third party discovery necessary to establish causation and damages.

Defendant Equifax:    Equifax anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Equifax failed to maintain reasonable procedures to assure the maximum possible accuracy of consumer reports regarding Plaintiff; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any reinvestigation conducted by Equifax violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Equifax for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Equifax for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Equifax; (9) whether Plaintiff is entitled to any damages (actual, punitive,

statutory, costs and/or fees) from Equifax pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; and (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution.

Defendant Complex Community Federal Credit Union: Complex Community Federal Credit Union anticipates conducting written and oral discovery on the following subjects: (1) whether Plaintiff's Equifax credit file contained an inaccuracy; (2) whether any Equifax consumer report regarding Plaintiff contained an inaccuracy; (3) whether Complex Community Federal Credit Union failed to maintain reasonable procedures; (4) whether Plaintiff disputed the accuracy of an item of information on Plaintiff's Equifax credit file; (5) whether any actions by Complex Community Federal Credit Union violated the FCRA; (6) whether Plaintiff has met the burden of proving a claim against Complex Community Federal Credit Union for negligent noncompliance with the FCRA; (7) whether Plaintiff has met the burden of proving a claim against Complex Community Federal Credit Union for willful noncompliance with the FCRA; (8) whether Plaintiff has suffered any damages proximately caused by any action or Inaction of Complex Community Federal Credit Union; (9) whether Plaintiff is entitled to any damages (actual, punitive, statutory, costs and/or fees) from Complex Community Federal Credit Union pursuant to the FCRA; (10) whether any damages suffered by Plaintiff was caused in whole or in part by a third party, an intervening or superseding cause, and/or action of Plaintiff; (11) whether Plaintiff failed to mitigate Plaintiff's damages; (12) whether some or all of Plaintiff's claims are barred by applicable statute of limitations; (13) whether Plaintiff's claims for punitive damages under the FCRA violate the U.S. Constitution; (14) whether any party has any evidence that Complex Community Federal Credit Union made any inaccurate reports or gave any inaccurate information; (15) whether any party has any evidence that Complex Community Federal Credit Union did not properly respond; (16) whether any party has any evidence that Complex Community Federal Credit Union failed to conduct reasonable investigations; (17) whether any party has any evidence that Complex Community Federal Credit Union made any willful violations; (18) the amount and calculations of damages and attorneys' fees, including the segregation of the same, and documentation related to the same; (19) any communications or actions of any third parties related to any of the above items or related items; (20) the facts and circumstances related to the affirmative defenses.

**9. Have initial disclosures been made? If not, should any changes be made in the timing, form, or requirement for initial disclosures?**

The parties agree that there should be no changes made in the timing, form, or requirement for disclosures under Rule 26(a). The deadline for the parties to exchange Initial Disclosures is June 29, 2026.

**10. What, if any, discovery has been completed? What discovery remains to be done and when should it be completed? Have the parties considered conducting discovery in phases or agreeing to limit discovery?**

5

Plaintiff does not believe that discovery should be completed in phases nor focused on a particular issue. However, the parties have agreed to limit requests for admissions to fifteen requests for admission per party; requests for production to twenty-five requests per party; and interrogatories to twenty-five requests per party; and the number of depositions to no more than three depositions per party.

**11. What, if any, discovery disputes exist?**

None at this time.

**12. Have the parties discussed the desirability of filing a proposed order pursuant to Federal Rule                    of                    Evidence                    502?**
The Parties have discussed filing a proposed order pursuant to Federal Rule of Evidence 502 and have decided they will not file an order at this time. Instead, the Parties' Proposed Confidentiality and Protective order will include "claw back" language that the Parties believe will address concerns pertaining to Rule of Evidence 502.

**13. Have the parties discussed early mediation?**

The Parties have discussed early mediation and are considering early resolution pending Plaintiff's opening settlement demand.

**14. Have the parties considered seeking entry of a confidentiality and protective order and are there any other scheduling or discovery items requiring the court's attention?**

The parties anticipate that there will be a need for some discovery in this case to be governed by a protective order. The parties shall confer and then submit a jointly proposed protective order to the Court. The jointly proposed protective order shall include, in the first paragraph, a concise but sufficiently specific recitation of the particular facts in this case that would provide the court with an adequate basis upon which to make the required finding of good cause pursuant to Fed. R. Civ. P. 26(c). If the parties disagree concerning the scope or form of a protective order, the party or parties seeking such an order shall file an appropriate motion and supporting memorandum

**15. Other matters:**

The parties agree that pursuant to Rules 5(b)(2)(E) and 6(d) of the Federal Rules of Civil Procedure any pleadings or other papers may be served by sending such documents by email to the email address(es) listed below (or any updated email address provided to all counsel of record). The format to be used for attachments to any email message shall be Microsoft Word (.doc) or Adobe Acrobat (.pdf). If an error or delayed delivery message is received by the sending party, that party shall promptly (within one business day of receipt of such message) notify the intended recipient of the message and serve the pleading or other papers by other authorized means.

| **Party** | **Email Service Address(es)** |
|---|---|
| Plaintiff Joshua Ritchie | myancey@consumerjustice.com<br>lmaxwell@consumerjustice.com<br>mcervantes@consumerjustice.com |

6

| Defendant Equifax Information Services, LLC | Heliane Fabian (hfabian@seyfarth.com) |
|---|---|
| | Jennifer R. Brooks (jrbrooks@seyfarth.com) |
| | Nadia Jenkins-Bey (njenkins-bey@seyfarth.com) |
| Defendant Complex Community Federal Credit Union | |

RESPECTFULLY SUBMITTED on June 18, 2026

By: */s/ Landon T. Maxwell*
Landon T. Maxwell, AZ #038439
CONSUMER JUSTICE LAW FIRM PLC
8095 N. 85th Way
Scottsdale, AZ 85258
T: (480) 626-1975
F: (480) 613-7733
E: lmaxwell@consumerjustice.com

*Attorneys for Plaintiff*
*Joshua Ritchie*

*/s/ Heliane Fabian*
Heliane Fabian, Texas Bar No. 24109850
hfabian@seyfarth.com
SEYFARTH SHAW LLP
2029 Century Park East, Suite 3500
Los Angeles, California 90067-3021
Telephone: (310) 277-7200
Facsimile: (310) 201-3021

*Counsel for Defendant*
*Equifax Information Services LLC*

*/s/Shane M. Bebout*
SHANE M. BEBOUT
State Bar No. 24082670
COLBY D. HARBUCK
State Bar No. 24137474
TODD, BARRON, THOMASON,
HUDMAN, BEBOUT & RODRIGUEZ, P.C.
3800 E. 42nd Street, Suite 409
Odessa, Texas 79762-5982
(432) 363-2106
(432) 363-2156 fax
E-mail: SBebout@toddlawfirm.com
CHarbuck@toddlawfirm.com

*Attorneys for Defendant,*
*Complex Community Federal*
*Credit Union*

7

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 18, 2026, I electronically filed the foregoing document with the Clerk of the Court using the ECF system. Notice of such filing will be sent to all attorneys of record in this matter. Since none of the attorneys of record are non-ECF participants, hard copies of the foregoing have not been provided via personal delivery or by postal mail.

*/s/Landon T. Maxwell*